Howry, J.,
delivered the opinion of the court:
This is a motion on behalf of the defendants to declare inadmissible testimony covered in certain depositions and for an order forbidding the filing of the depositions.
The petition filed February 2, 1898, sets up a claim on account of the use of a machine for bending electrotype plates *272 covered by a patent to the assignor of the present claimant. Evidence for the claimant was closed in January, 1900, and the defendants closed their evidence a year thereafter. In May, 1902, the claimant company closed its testimony in rebuttal. This evidence was directed exclusively to show that certain machines which some of defendants’ witnesses had referred to as anticipating the invention of the claimant’s assignor, did not operate so as to produce satisfactory results. Defendants say this evidence in rebuttal did not relate to the construction and operation of the claimant’s patented device or any part of it. Afterwards defendants took testimony confined strictly to matters brought out by claimant’s evidence in rebuttal, closing about four years ago.
Without making application to the court, and after the cause had been noted for trial on the notice book and when it was ready to be placed upon the calendar, the claimant gave notice for the taking of the depositions of certain witnesses in Philadelphia. Pursuant to the notice, defendants appeared by counsel, and one of the witnesses was questioned as to his qualifications to testify as a metallurgist and engineer; and after these qualifications had been stated he was questioned in regard to the construction and operation of the device described in the patent. The entire examination was confined to this subject, including the comparison of a certain feature of construction in another patent in evidence. None of these questions related to the facts brought out by the defendants in the last testimony, but exclusively to the evi-. dence for the claimant. Every interrogatory was objected to because it did not relate to the testimony taken for defendants after claimant’s evidence in rebuttal had been closed, but did relate to the original evidence for the claimant which apparently was not met by claimant in rebuttal. Counsel for claimant at the time of the taking of the testimony (now sought to be stricken out) being asked the general purpose of the testimony, 'Stated that it was directed principally to meet the testimony of a witness who testified on behalf of the Government. When the witness was fully examined over the objection of defendants’ counsel he was then cross-examined for the defendants de bene esse and without waiver of the objections first noted and with the understanding *273 that the witness might be recalled for further cross-examination at a date to be thereafter agreed upon; that is, that if the testimony was held admissible the cross-examination might proceed.
The rules in force some years ago provided, as they do now, that when claimants have closed their evidence they shall enter the case in a notice book kept by the clerk; and when the defendants have closed their evidence they likewise shall enter the fact in the same notice book; and as soon thereafter as claimants have filed requests for facts and briefs, as required by another rule, also noting the same, the cause shall be placed upon the trial calendar. Should defendants unreasonably delay the preparation of the defense, the fight is given claimants to move that the cause be placed upon the calendar.
The established rule of practice in this court is that when parties have closed their proofs under rules which admit them to the notice book, and have respectively noted that fact upon this notice book, new testimony can not be taken by either. Notice given by one party to dhe other to take testimony, when closed under the rule, may be disregarded. But where, by misadventure, surprise, and unforeseen causes, a party desires additional testimony application should be made to the court for opportunity to take it. The court will not permit the ends of justice to be defeated if upon timely application by motion it shall be made to appear by affidavit that the new testimony is proper and necessary to be taken and that due diligence has been exercised to obtain such proof and that the neglect to take testimony in the beginning and at the proper time will not operate to the prejudice of the other party by the admission of the proposed new matter; that is to say, that the party against whom the testimony is to be taken will not be so injured by the delay as to deprive him of his opportunity to reasonably meet the same by other proof.
The application will show reasons for the failure to take the proposed proof; the nature of the testimony desired; the bearing of this intended testimony upon the particular issue under the original petition or amended petition, if there be one. That is to say, the application must show whether the *274 new matter proposed will be in the nature of original testimony or in further rebuttal or cumulative merely. It must also show when the testimony is to be taken and where, and include the names of the proposed witnesses whose testimony is desired and upon what particular issue it will be used. The action taken on such an application will in every case be a matter within the sound discretion of the court.
In the nature of things there can be no absolute rule, because nothing inflexible can be declared to fit all cases. It is of great importance that defendants have an opportunity, as nearly contemporaneous with the cause of action as may be to know the nature of the proof to be adduced in support of the right alleged, because officers and agents of the Government, with whom most of these transactions are had, retire very often from office before opportunity is afforded defendants to get the benefit of what they know. The interest of everyone having a just claim against the Government is thus intimately associated with the duty of giving defendants the fullest opportunity to defend to the end that confidence in the tribunal specially constituted to hear the grievances of the citizen against his Government shall be preserved.
In sustaining this motion the court does so without reference to the contention of the defendants that the delay can not be charged to any act or neglect on their part, and likewise without reference to the contention of the claimant that the correspondence in evidence shows a waiver on the part of the Government as to the notice given for the taking of the new testimony. There is no such thing as estoppel to be applied on this account, not alone because the new testimony seems designed to meet- another kind of case than that upon which the parties have proceeded, but because when the taking of the testimony is once closed and the case noted for trial the parties are not obliged to give or accept further notice. That is a matter the court must control.
Motion sustained.